J-S50013-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ESTATE OF GEORGE D. MCHENRY, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: BOROUGH OF WILKINSBURG | : : : : : | |
| | : | No. 112 WDA 2019 |

Appeal from the Order Entered December 19, 2018
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 02-12-00611

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED SEPTEMBER 10, 2019

The Borough of Wilkinsburg appeals from the order, entered in the Court of Common Pleas of Allegheny County, Orphans' Court Division, granting the petition of Mildred O. Merlo, Administratrix of the Estate of George D. McHenry, Deceased, to renounce her right to administer certain real property belonging to the Decedent.  Upon careful review, we vacate and remand with instructions.

Decedent died intestate on January 16, 2012, leaving Administratrix, his sister, as his only heir.  Letters of Administration were granted to Administratrix by the Register of Wills of Allegheny County on January 26, 2012.  Among Decedent's assets were two parcels of real property located at

_____

[*] Retired Senior Judge assigned to the Superior Court.

27 Hart Street and 32 Hart Street, Wilkinsburg, Pennsylvania ("Properties"). Despite the efforts of Administratrix and her counsel, the Properties, which are subject to significant tax debts,[1] remained unsold.

Accordingly, on November 19, 2018, Administratrix filed a petition pursuant to section 3312 of the Probate, Estates, and Fiduciaries ("PEF") Code, seeking to "abandon said premises" and "transfer legal title thereto to the Borough of Wilkinsburg[.]" Petition, 11/19/18, at 2. The court scheduled a hearing for December 4, 2018, at which time counsel for Administratrix and the Borough appeared. Upon questioning from the court, counsel for Administratrix stated that he had not provided notice of the petition to the Decedent's creditors. Accordingly, the court directed counsel to provide notice to creditors and rescheduled the hearing for December 19, 2018. In addition, counsel for the Borough noted the Borough's opposition to the relief requested, stating that "[t]he Borough is just not interested in obtaining tenement of the [Properties], quite frankly." N.T. Hearing, 12/4/18, at 6.

Following the second listing, on December 19, 2018, the court issued an order authorizing the Administratrix to renounce her right to administer the Properties and to transfer title to the Borough. The Borough filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise

_____

[1] According to Schedule I of the Pennsylvania Inheritance Tax Return filed by Administratrix, Decedent owed taxes in the amount of $15,000 on 32 Hart Street and $608 on 27 Hart Street. The properties were valued at $2,000 and $400, respectively, on Schedule A of the inheritance tax return.

statement of errors complained of on appeal. The Borough raises the following question for our review:

> Did the trial court err as a matter of law in ordering that the title to a valueless asset renounced by the [A]dministratrix be transferred to the Borough of Wilkinsburg?

Brief of Appellant, at iii.

Under the PEF Code, a personal representative does not have title to a decedent's real property. Rather, "[l]egal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by [the PEF Code] and lawfully by the will and to all orders of the court." 20 Pa.C.S.A. § 301(b). It is the right and duty of a personal representative to take possession of, maintain and administer a decedent's real estate until such time as it is sold or distributed. See 20 Pa.C.S.A. § 3311.

However, "a fiduciary is not required to exercise his right to administer estate property when in his reasonable judgment it is inadvisable to do so." 20 Pa.C.S.A. § 3312, comment. Accordingly, section 3312 provides that "[w]hen any property is of no value to the estate, the court may authorize the personal representative to renounce his right to administer it." 20 Pa.C.S.A. § 3312. "When the personal representative's right to administer is renounced, full legal and equitable title will be in those beneficially interested in the asset, subject of course to their right to disclaim." Id., comment.

Here, immediately upon Decedent's death, legal title to the Properties passed to Administratrix, in her individual capacity, as Decedent's sole heir-at-law. See 20 Pa.C.S.A. § 301(b). Administratrix's renunciation of her right to administer the Properties had no effect on their legal title. Rather, the renunciation merely relieved the Administratrix of her obligation to administer the Properties in her fiduciary capacity. Upon renunciation, legal title remained in Administratrix, individually, as sole intestate heir. See 20 Pa.C.S.A. § 3312, comment. While Administratrix, in her individual capacity, may disclaim her interest in the Properties by filing a written disclaimer pursuant to 20 Pa.C.S.A. § 6201, she has not done so. Therefore, legal title remains vested in Adminstratrix, individually, and it was error for the court to order that title be transferred to the Borough, which in any event did not want the Properties.

In light of the foregoing, we vacate the order of the Orphans' Court, and remand for the entry of a new order limited to authorizing the Administratrix to renounce her right to administer the properties.

Order vacated; case remanded with instructions. Jurisdiction relinquished.

Judge Colins joins the Memorandum.

Judge Murray did not participate in the consideration or decision of this case.

J-S50013-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019